# OHIO, INDIANA & WESTERN RAILWAY COMPANY
## v.
## GEORGE KLEINSMITH.

*Railroads—Negligence—Injury to Stock—Failure to Signal—Evidence —Instructions—Contributory Negligence.*

1. An instruction declaring that under certain circumstances therein stated the failure to stop a train "would be negligence on the part of the defendant," is not erroneous upon the ground of invasion of the province of the jury.

2. The rule that an instruction purporting to state a case in which the defendant is thereby declared to be liable, or the plaintiff entitled to recover, and which yet ignores any ground of defense supported by the evidence, is faulty, does not apply to instructions which are limited to definition.

3. In an action brought to recover from a railroad company for the death of a cow, alleged to have been caused through its negligence, this

court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Vermilion County; the Hon. E. P. VAIL, Judge, presiding.

Mr. J. B. MANN, for appellant.

Mr. F. BOOKWALTER, for appellee.

PLEASANTS, P. J.   Appellee's cow was struck and killed by a freight train on appellant's road, about seventy-five yards west of the station at Fithian, in Vermilion County.   The train, composed of fifteen or twenty cars, was running east at a rate of about fifteen miles an hour.   It did not stop at the station, nor slacken its speed until just before the collision, when the engine was reversed, not to stop the train, but to let steam out of the cocks and so scare the cow off the track.   At the point where she was struck she would have been visible from the approaching engine at the distance of a mile.   A disinterested witness said he saw her standing there, on the track, from the time when the train was half a mile off until she was struck by it.   The engineer and fireman said she was not on the track until just before she was struck, when she came on it suddenly from behind some cars standing on a side track.   Three witnesses said they heard no bell on the train, nor any whistle except for the station, then half a mile away.

The engineer and fireman said the latter was ringing the bell when the cow was struck, and had been for one hundred and fifty yards.   Appellee lived about one hundred yards from the railroad track, and said " he had turned the cow out that morning on the common, and let her run at large with the balance of them that run at large in Fithian."   She was worth $50.

Except as to how long she was on the track before she was struck, and whether the bell was rung, there was no dispute about the facts, and upon those questions the evidence was

substantially as stated.    The trial below, which was on appeal from a justice, resulted in a verdict and judgment for appellee, for $50 damages.

The negligence charged against appellant was in not stopping the train, nor using any means to scare the cow off the track in time to avoid the injury; and it seems clear that upon the state of facts and evidence above set forth the finding of the jury, sustained by the Circuit Court, should not be disturbed by this court unless material error of law is found to have intervened.

Complaint is made of an instruction given for the plaintiff which is identical with one that was approved in T. P. & W. R. R. Co. v. Bray, 57 Ill. 515.    It declared that the failure to stop the train under the circumstances therein stated " would be negligence on the part of the defendant," which was claimed to be an invasion of the province of the jury. The Supreme Court considered that objection and held it invalid; and as we are not aware that that case has been over, ruled, we do not feel called upon to defend the instruction against the same objection made here, though we may refer to some further suggestion of this court in reference to it in O. & M. Ry. Co. v. Stribling, at this term.

Another objection, not made in that case, but here urged against it, is that it did not also state the doctrine of contributory negligence on the part of the plaintiff and its application to the evidence as a ground of defense; in support of which, the cases in 62 Ill. 326, and 91 Ill. 414, are cited.    It will be observed, however, that the instruction states a hypothetical case of negligence, but not of liability, on the part of the defendant.    The failure to stop, under the circumstances, would be negligence on the part of the defendant, whether the plaintiff was or was not guilty of contributory negligence. His guilt or innocence would affect his right to recover—the liability of the defendant for its negligence—but not the definition of it.    We understand it to be a rule that any instruction purporting to state a case in which the defendant is thereby declared to be liable, or the plaintiff entitled to recover, and which yet ignores any ground of defense supported by evidence,

is faulty; but that it does not apply to instructions which are limited to definition. The one here in question was the only one asked or given for the plaintiff, but one in relation to contributory negligence was given as asked by the defendant, and thus there was no conflict or variance on that subject, between them.

Defendant also asked an instruction that if the evidence in the case is evenly balanced, the jury should find for the defendant " which the court modified by inserting after the word ' balanced ' the words ' upon the question of negligence." It is said this modification confines the weighing to the evidence upon the question of defendant's negligence. We think not; in view of the directness with which the attention of the jury was called, in another of the very few instructions given, to that of the plaintiff.

Nor do we share in·the apprehension that this judgment, which is against the O. I. & W. Railroad Company, may not afford protection against another suit for the same cause against the O. I. & W. Railway Company, which is the name of the defendant—the summons appearing to be against it by its proper name.

*Judgment affirmed.*